COMER et al. v. POLK COUNTY et al.

(Circuit Court of Appeals, Fifth Circuit.  June 21, 1897.)

No. 589.

TAXATION—RAILROADS—LIABILITY OF FORMER RECEIVERS.

Taxes against a railroad cannot be collected from receivers who had the control and management of the property during the years for which such taxes were assessed, as a part of the system owned by the company for which they are receivers, but whose connection with the road has ceased, except in an equitable proceeding, and upon proof that they have assets of such railroad in their hands, or have diverted its revenues.

McCormick, Circuit Judge, dissenting.

Appeal from the Circuit Court of the United States for the Northern District of Georgia.

The county of Polk and the city of Cedartown, municipal corporations of the state of Georgia, filed petitions of intervention in the suit of the Central Trust Company of New York against the Savannah & Western Railroad Company, pending in the circuit court of the United States for the Northern district of Georgia, by which it was sought to compel Hugh M. Comer and R. J. Lowry, as receivers of the Savannah & Western Railroad Company, to pay the taxes due the said interveners by the Chattanooga, Rome & Columbus Railroad Company for the years 1891, 1892, and 1893. It appears from the record that on the 1st day of May, 1891, the Chattanooga, Rome & Columbus Railroad, together with its branches, and the franchises and the real and personal property of the company, was sold, transferred, and conveyed by its officials to the Savannah & Western Railroad Company, both being corporations existing under the laws of the state of Georgia. The sale was made subject to the lien of a deed of trust which had been previously executed by the Chattanooga, Rome & Columbus Railroad Company to the Central Trust Company of New York to secure the payment of 2,240 bonds of the denomination of $1,000 each, aggregating $2,240,000. Pursuant to the terms of the sale, the Savannah & Western Railroad Company took possession of the Chattanooga, Rome & Columbus Railroad, and operated it until receivers were subsequently appointed. It further appears that the Central Railroad & Banking Company of Georgia owned all the stock of the Savannah & Western Railroad Company. On the 4th of March, 1892, the Central Railroad & Banking Company was placed in the hands of a temporary receiver, under what is designated as the "Rowena Clark Bill." On March 28th following, the Clark bill was amended by making the Savannah & Western Railroad Company a party defendant, and H. M. Comer and the directors of the Central Railroad Company were made permanent receivers of the entire property of the Central Railroad Company, including the Savannah & Western and the Chattanooga, Rome & Columbus Railroads. On July 4, 1892, the Central Railroad Company filed a bill against the Farmers' Loan & Trust Company et al., including by name the Savannah & Western Railroad Company, and describing it as the owner of the Chattanooga, Rome & Columbus Railroad. Under the bill last mentioned H. M. Comer was appointed sole receiver, and operated the property until May 5, 1893, when he and Lowry were appointed receivers under the bill filed by the Central Trust Company of New York against the Savannah & Western Railroad Company, which prayed foreclosure against the Chattanooga, Rome & Columbus Railroad as a part of the Savannah & Western property. Comer & Lowry, as joint receivers, operated the road until February 1, 1894. From the date last mentioned the Chattanooga, Rome & Columbus Railroad has been managed and operated by E. E. Jones, who was appointed receiver thereof under a bill of foreclosure filed against that company by the Central Trust Company of New York. It is conceded as a fact, though not shown by the evidence, that the Savannah & Western Railroad exclusive of the Chattanooga, Rome & Columbus Railroad has been sold by order of the court under a decree of foreclosure which required the purchasers to take the said property subject to such claims as should be adjudged by the court superior to the lien on the bonds. The Chattanooga, Rome & Columbus road is still in the hands of Receiver Jones, and there is now pending in the suit of the Central Trust Company of New York against that company petitions of intervention in behalf of the appellees to collect the taxes sought to be recovered in this proceeding. Among other grounds for recovery against the Savannah & Western Railroad Company, the appellees allege the following in their intervening petitions: "Petitioner shows that all the taxes claimed in this intervention are due to petitioner either as taxes of the Savannah & Western Railroad Company, or as taxes owing by the receivers of said Savannah & Western Railroad Company, by reason of the fact that it held possession of said properties, and enjoyed the revenues of the same, during the years in which said taxes accrued." The receivers, Comer and Lowry, demurred to the interventions of the appellees, and the demurrers were overruled by the court. They then filed answers, in which they set up, among other defenses, the following: "Respondents admit, as set forth in said petition, that said executions issued by said comptroller general of the state of Georgia are

valid and subsisting liens, superior to all other liens, on the property of the Chattanooga, Rome & Columbus Railroad Company, and respondents aver that said Chattanooga, Rome & Columbus Railroad Company, or its receiver, is in law solely bound and liable to pay off and discharge said tax executions as between said intervening petitioner and said Chattanooga, Rome & Columbus Railroad Company. * * * Respondents further set forth and show that they, as receivers of the Savannah & Western Railroad Company, are not now, and never have been, indebted in any sum whatever to the Chattanooga, Rome & Columbus Railroad Company or its receiver; and that at no time was the Savannah & Western Railroad Company, before or since it went into the hands of receivers, indebted to said Chattanooga, Rome & Columbus Railroad Company or its receiver. And respondents further aver that at no time have they ever had any funds or moneys in their hands belonging to the Chattanooga, Rome & Columbus Railroad Company, and upon which the fi. fas. issued in favor of said intervening petitioner, and against said Chattanooga, Rome & Columbus Railroad Company, were a lien for taxes." The pleadings upon the intervention were referred to the master, who, without taking evidence other than the agreed statement of facts, the substance of which is hereinbefore fully recited, reported in favor of the interveners for the taxes due for the years 1892 and 1893. The reason assigned by the master for his conclusion will be found in the following extract from his report: "I think that this is an equitable proceeding, and, furthermore, that there was no evidence introduced to show that when the road was turned over by Comer and Lowry, that they turned over the assets from the gross earnings of the road to Jones, or that there was any accounting between the receivers at all; and my belief is that these taxes ought to be paid by Comer and Lowry as receivers. If this is wrong, it is easy, as a matter of accounting, for said receivers to show it, and have the fi. fas. fixed as a lien on the property in the hands of the present receiver." Exceptions to the report filed by the receivers were overruled, and the report was confirmed. From the confirmatory order the receivers have prosecuted their appeal to this court.

Marion Erwin, for appellants.

Fulton Colville, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and MAXEY, District Judge.

MAXEY, District Judge, after stating the case, delivered the opinion of the court.

We think the circuit court erred in confirming the master's report, and ordering the receivers of the Savannah & Western Railroad Company to pay the taxes for the collection of which fi. fas. had been regularly issued by the comptroller general of Georgia in favor of the appellees against the property of the Chattanooga, Rome & Columbus Railroad Company. It is alleged in the intervening petition of the appellees, and conceded by counsel for the appellants, that the taxes included in the fi. fas. operated as a lien upon all the property of the Chattanooga, Rome & Columbus Railroad Company superior to all other liens. At the time, however, when the interventions were filed, the appellants had no voice in the management and operation of that road. Their connection with it ceased on the 1st day of February, 1894, when E. E. Jones was appointed receiver of the property under the bill filed by the Central Trust Company of New York against the Chattanooga, Rome & Columbus Railroad Company. But it is contended by the appellees, and their petitions of intervention are framed upon that theory, that the taxes assessed against the Chattanooga, Rome & Columbus Railroad constituted an equitable charge against the Savannah &

Western Railroad Company by reason of the fact that the latter was in possession of the property of the former, and enjoyed its revenue, during the years in which the taxes accrued. It may be that during the time the appellants, as receivers, were in possession of and operating the Chattanooga, Rome & Columbus Railroad property as a part of the Savannah & Western Railroad system, the taxes theretofore due on the Chattanooga, Rome & Columbus property were properly chargeable against the property and assets in their hands; this, however, not as a debt or obligation assumed by the receivers, but as an obligation carrying a first lien on the Chattanooga, Rome & Columbus property itself. In other words, it was a debt of the property, and not of the receivers. After the severance, however, of the connection of the receivers with the Chattanooga, Rome & Columbus property by the appointment of a separate receiver for that property in an entirely distinct suit, the appellants could only be chargeable with the payment of such taxes, if at all, upon proof showing that they had assets belonging to the Chattanooga, Rome & Columbus Company, or that they had diverted the revenues derived from its operation to the improvement and betterment of the Savannah & Western Railroad, or had paid the same to the holders of its bonds. In such case equity would require restoration to the extent of the funds diverted. But, if there was no diversion, there could be no restoration. Upon this point the allegations of the intervening petitions are denied by the answer of the appellants, and there is no proof tending to show the state of accounts between the respective receivers, or to elucidate the transactions between the parties. The duty of making the necessary proof devolved upon the appellees. If there was a diversion of funds by the appellants, it could have been easily shown, and the question should not have been left to mere speculation and presumption. The taxes as disclosed upon the face of the fi. fas. are clearly a charge and superior lien upon the property of the Chattanooga, Rome & Columbus Railroad Company, and may be paid out of assets in the hands of Receiver Jones, or from the proceeds of the sale of the property, as the trial court may determine. It follows from what we have said that the order of the circuit court should be reversed, and the intervening petitions dismissed, and it is so ordered.

McCORMICK, Circuit Judge, dissents.